UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| SHALOME M. ODOKARA, | : | CR. NO.: 06-045 (EGS) |
| | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S UNOPPOSED MOTION TO EXCLUDE TIME
UNDER SPEEDY TRIAL ACT**

Pursuant to Title 18, United States Code, Sections 3161(h)(8)(A), (B)(ii), and (B)(iv), the United States of America, by and through its undersigned attorneys, hereby moves to exclude time in the calculation of a speedy trial date in the above-captioned criminal case. Because the parties are still discussing a possible disposition, there is a fugitive co-defendant and adequate preparation for trial cannot reasonably be expected prior to the speedy trial date, selection of a trial date outside the strict time limits of the Speedy Trial Act ("the Act") would serve the ends of justice and outweigh the interests of the parties and the public in a speedy trial within the meaning of the Act.

The Act directs the Court to consider the following non-exhaustive list of factors when deciding whether the interests of justice warrant excluding time in selecting a trial date:

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].

18 U.S.C. § 3161(h)(8)(B)(ii). In addition, the Court may consider the following:

> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel,

>would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(iv).

At the Status Hearing on May 31, 2006, the Court set a motions calender and trial date with the consent of both parties. The dates set by the Court are as follows: July 15, 2006, for motions; August 15, 2006, for responses; August 31, 2006, for replies; October 3rd for Motion Hearings; and November 28th for trial. As the Court noted in setting the schedule, the defendant is on release and the government will not be prejudiced by the proposed trial schedule. However, the Court did not explicitly make an ends-of-justice exclusion under the Act. In light of Zedner v. United States, 547 U.S. ___ (June 5, 2006), we move to exclude time under the Act to serve the ends of justice.

The parties note that the discovery involves voluminous bank records, that the motions hearings require additional time for effective presentation , that the parties need time to discuss a possible resolution of the case short of trial both before and after motions, and that the search for the co-defendant – whose presence is important to both parties – needs additional time and would result in saving the public needless expense. Accordingly the parties move to exclude the time between the May 31, 2006, Status Hearing and the trial date of November 28, 2006, already selected by the Court.

**CONCLUSION**

For all the foregoing reasons, the ends of justice outweigh the interests of the parties and the public in a speedy trial. Therefore, the Court should grant this motion to exclude time.

    Respectfully submitted,

    KENNETH L. WAINSTEIN.
    ATTORNEY OF THE UNITED STATES
    IN AND FOR THE DISTRICT OF COLUMBIA
    BAR NO.: 451058


BY: _____
    JOHN CARLIN
    ASSISTANT UNITED STATES ATTORNEY


DATED: _____