UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 06-00045 (EGS) |
| : | |
| SHALOME ODOKARA, : | |
| : | |
| Defendant. : | |
| : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of sentencing. For the reasons set forth herein, the United States respectfully recommends that the Court sentence the defendant to a Zone C split sentence at the low end of the Guidelines Range calculated in the PSR, and that the Court impose a fine at the low end of the Guidelines Range calculated in the PSR.

**I.     BACKGROUND**

On September 28, 2006, defendant Odokara pled guilty to a one-count felony information which charged the defendant with Conspiracy to Structure Transactions to Evade Currency Reporting Requirement in connection with a scheme to defraud the World Bank with her co-defendant, Aissatou Koundoul. During her plea colloquy, in her signed Statement of Offense, and in the statement she submitted to the Pre-Sentence Report writer, the defendant provided a description of her criminal conduct which will not be repeated again here. However, it is important to point out that of the total money taken from the World Bank, $108,666.24, the government's evidence shows that defendant Odokara kept the majority of the proceeds ($67,153.24) and only transferred $41,513 to her co-defendant Koundoul.

## II.  SENTENCING CALCULATION

    A    <u>Statutory Maximum</u>

The defendant pleaded guilty to one count of conspiracy to Evade Currency Reporting Requirements, in violation of Title 18, United States Code, Section 371 (and 31 U.S.C. § 5313(1)).  The maximum sentence for conspiracy is five years imprisonment, a fine of $500,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, and a three-year term of supervised release.

    B.    <u>Sentencing Guideline Calculation</u>

Both parties agreed to the Guidelines calculations utilized in the Pre-Sentence Report ("PSR"), which correctly calculates the defendant's total offense level at 10.  <u>See</u> PSR ¶ 32.  This includes the base offense level of six pursuant to U.S.S.G. § 2B1.1(a)(1) (2001), and a six-level enhancement for "loss" of more than $30,000 pursuant to U.S.S.G. § 2B1.1(b)(1)(D).  <u>See</u> PSR ¶¶ 25.  In the plea agreement, however, the government agreed not to oppose a two point reduction for acceptance of responsibility, which yields a total offense level of 10.  The PSR also has calculated correctly the defendant's criminal history as Category II.  <u>See</u> PSR ¶¶ 33-35.  Therefore, the guideline range for defendant Odokara is correctly calculated in the PSR as 8 - 14 months.  <u>See</u> PSR ¶ 60.  Since the Guideline Range is in Zone C of the sentencing table, the minimum term of imprisonment may be satisfied by a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one-half of the minimum term is satisfied by imprisonment.  <u>See</u>, U.S.S.G. § 5C1.1(d); and PSR ¶ 61.  Because the defendant's total offense level is 10, the Guideline Range for a fine is $2,000 to $20,000.  <u>See</u>, PSR ¶ 74, and U.S.S.G. § 5E1.2(c)(3).

The PSR writer did not find any factors indicating that a downward departure is warranted, see PSR ¶ 80, and the government concurs. As part of her plea agreement, defendant Odokara agreed to cooperate with the government and provide truthful testimony if necessary. The government was also clear it would need request a departure under U.S.S.G. §5K1.1 unless her co-defendant was found and brought to trial. Defendant Koundoul remains at large, and to date Odokara's testimony has been required: as such, defendant Odokara is not entitled to a departure under U.S.S.G. §5K1.1. For the reasons set forth, infra § III of this Memorandum, the government respectfully recommends that the Court sentence the defendant to a Zone C split sentence at the low end of the Guidelines Range calculated in the PSR, and that the Court impose a fine at the low end of the Guidelines Range calculated in the PSR.

### III. DEFENDANT SHOULD BE SENTENCED TO A ZONE C SPLIT SENTENCE AT THE LOW END OF THE GUIDELINES RANGE AND A FINE SHOULD BE IMPOSED.

Under 18 U.S.C. § 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in section 3553(a)(2). The Sentencing Guidelines, consisting of offense characteristics and various grounds for departure, address the considerations relevant to sentencing, as articulated in Section § 3553(a), such as: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to provide the defendant with needed medical care or other correctional treatment in the most effective manner; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (5) the Guidelines Range; and (6) the need to provide restitution to victims of the offense. As

demonstrated below, in this case these factors justify imposition of a Zone C split sentence at the low end of the Guidelines Range calculated in the PSR, and the imposition of a fine at the low end of the $2,000 to $20,000 Guidelines Range for a fine calculated in the PSR.

In this case, defendant's criminal conduct was serious and repeated. In executing her scheme, the defendant, a vendor for the World Bank, assisted in the misuse of World Bank accounting systems, and computers. Her participation was critical to the conspiracy to defraud the World Bank, and defendant Odokara assisted her co-defendant by kicking back money after she had received the fraudulent payments. The government concurs with the pre-sentence report writer that "both Odokara and Aissatou are equally culpable in this conspiracy and their actions would not warrant any role adjustments." PSR ¶ 17. In total, defendant Odokara kept more than half of the stolen proceeds (more than $67,000) and spent the majority of the money on personal items. Defendant Odokara also has a prior criminal history, and appears to have spent time a significant time in jail.

Although defendant's offense is serious and requires a just punishment which promotes respect for the law, the United States at the same time recognizes certain important aspects of the defendant's history and characteristics in fashioning its sentencing recommendation. The defendant has now accepted full responsibility for her criminal conduct and agreed cooperated with the government's investigation. However, it is important to note that the defendant initially recanted her (first) plea on October 11, 2005, and took nearly a year before agreeing to plead guilty again.

Accordingly, the United States respectfully recommends that the defendant be sentenced to a Zone C split sentence at the low end of the Guidelines Range calculated in the PSR with a

three-year term of supervised release. The United States also respectfully recommends that if the Court believes the defendant has the ability to pay a fine, that the Court impose a fine at the low end of the $2,000 to $20,000 Guidelines Range for a fine calculated in the PSR. The financial information contained in the PSR reveals that defendant Odokara is currently employed, has a yearly salary of $32,000, collects child support, and lives in Maine.

## IV.   RESTITUTION

As part of the plea agreement, Ms. Odokara agreed to pay restitution to the World Bank in the amount of $108,666.24. Defendant Odokara has also agreed to criminal forfeiture in the form of a money judgement in the amount of $108,666.24.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


_____/s/_____
TEJPAL S. CHAWLA
Assistant United States Attorney
D.C. Bar # 464012
Fraud & Public Corruption Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-2442

CERTIFICATE OF SERVICE

I hereby CERTIFY that a copy of the foregoing has been sent by ECF filing to counsel for the defendant, Jonathan Jeffress, Federal Public Defender, 625 Indiana Ave., N.W. Suite 550, Washington, D.C. this 16th day of March, 2007.

_____/s/_____

Tejpal S. Chawla

ASSISTANT UNITED STATES ATTORNEY